CITY OF DEERING, appellant, *vs.* COUNTY COMMISSIONERS.

Cumberland.     Opinion January 16, 1895.

*Way. Commissioners. Committee. Jurisdiction. Petition. R. S., c. 18, § 1;*
*Spec. Law, 1889, c. 506, § 4.*

County Commissioners have jurisdiction over highways within the several cities of this State.

The manifest intent of the Stat. 1866, c. 47 (R. S., c. 18, § 1), was to establish a uniform rule that should apply to all city charters, whether granted before or after the act.

When the petition asks that a way be suitably widened, it is the function of the committee to say how wide a way common convenience and necessity demand, and leave the commissioners to locate it upon the face of the earth; but these considerations do not apply to a petition for a specific widening in a specified place.

Petitions for the location or change of highways are not to be considered too critically where the result makes the matter clear and works no injustice.

*Held;* That a report of a committee may be recommitted when its form and detail are not justified by the original petition, but may be easily corrected by stating what width common convenience and necessity required the commissioners to give between the *termini,* leaving them to carry out the decision by locating the increased width upon the face of the earth.

*Bryant* v. *Commissioners,* 79 Maine, 128, followed.

ON REPORT.

This was a petition by the city of Deering to the commissioners, for the county of Cumberland, praying for an alteration and widening of Forest Avenue in that city. The cause came on for hearing, in this court below, upon motion for leave to amend the original petition, and upon motion for the acceptance of the report of the committee ; and by agreement of counsel, the case was reported to the law court to enter such judgment as the legal rights of the parties might require.

(Petition.)

To the honorable board of county commissioners of Cumberland county, in the State of Maine :

The city of Deering by W. W. Merrill, mayor of said city, duly authorized so to do by vote of the city council, respectfully represents that public convenience and necessity require the alteration or widening of Forest Avenue, so called, in the city of Deering, beginning at a point near the residence of Joseph L. Winslow and extending to the Portland & Rochester Railroad crossing at Ocean street, Woodford's corner. Your petitioners therefore request that your honors will, after due notice, proceed to view said route, hear the parties, and alter or widen said highway as provided in Revised Statutes, chapter 18, sec. 1. And as in duty bound will ever pray.

February 4th, 1893.

The City of Deering,

By William W. Merrill, Mayor.

The denial of the petition by the commissioners, the appeal from their decision, the appoinment of a committee, and the report of the committee are sufficiently stated in the opinion, as well as the objections to the acceptance of the committee's report.

(Motion to amend.)

And now comes said petitioner and moves that it have leave to amend its said petition by inserting after the words " view said route, hear the parties and alter or widen said highway," the words " to the extent that the easterly side line of said` widened highway shall begin . . . (courses and distances here follow).

The westerly side line of said widened highway shall be as follows, to wit: . . . (courses and distances here follow).

*Charles A. True,* County Attorney, for Cumberland county.

Counsel cited: *New Vineyard* v. *Somerset,* 15 Maine, 22; *Harkness* v. *Co. Com.* 26 Maine, 356; *King* v. *Lewiston,* 70 Maine, 408. Case last cited may be distinguished from the present case. When private and general legislation conflict, the general legislation will ordinarily prevail. Time of the passage of the law is an important element. The special legislation giving the city of Deering a charter in 1889 should prevail over the general statute; but it is claimed that the importance of the present case demands a re-examination of the question.

Petition defective: *Sumner* v. *Co. Com.* 37 Maine, 113; *Howland* v. *Co. Com.* 49 Maine, 146; *Raymond* v. *Co. Com.* 63 Maine, 113; *Hayford* v. *Co. Com.* 78 Maine, 153; *Byrant* v. *Co. Com.* 79 Maine, 128. It fails to state how much of an alteration or widening is desired and at what points; it does not give interested parties notice of what is to be done, or to what extent their interests are to be affected.

The committee exceeded its powers. *Irving* v. *Co. Com.* 59 Maine, 513.

Amendment: Comes too late. *Jewett* v. *Hodgdon,* 3 Maine, 103; *Com.* v. *Cambridge,* 7 Mass. 158.

*I. L. Elder,* City Solicitor, for city of Deering.

*George C. Hopkins,* by consent, filed a brief for the city of Deering.

SITTING: PETERS, C. J., EMERY, HASKELL, WHITEHOUSE, WISWELL, STROUT, JJ.

HASKELL, J. The city of Deering represented to the county commissioners that public convenience and necessity required the alteration or widening of "Forest Avenue, so called, in the city of Deering, beginning at a point near the residence of Joseph L. Winslow and extending to the Portland and Rochester railroad crossing at Ocean street, Woodford's Corner," and

petitioned them to "alter or widen said highway as provided in Revised Statutes, c. 18, § 1."

The commissioners adjudged that "common convenience and necessity do not require the alteration or widening of Forest Avenue, so called, in the city of Deering, as prayed for."

On appeal to this court a committee was appointed, and their report finds that "common convenience and necessity require the alteration or widening of Forest Avenue aforesaid, to the extent hereinafter described; and we determine that said Forest Avenue, from a point near the residence of Joseph L. Winslow to Ocean street, Woodford's Corner, shall be widened to the extent determined by the following described side lines; to wit," . . . locating the side lines on the face of the earth by monuments, courses and distances, so as to specifically describe the way as widened, and as shown by a survey filed with their report.

Objections to the acceptance of the report are made by the county of Cumberland, to wit: .

I.    That exclusive jurisdiction of said way is vested in the city council of Deering by the city charter, special act of 1889, c. 506, § 4.

The charter provides: "The city council shall have exclusive authority to lay out, widen or otherwise alter or discontinue any and all streets or public ways in said city." It further provides for an appeal, as in the case of town ways, that is to the county commissioners, making their jurisdiction in such matters wholly appellate.

The charter of Portland contains the same provision, word for word, but does not give any appeal. Act of 1832, c. 248, § 6. Other city charters, granted prior to 1866, contain the same provisions, and it was assumed that these exclusive provisions took from county commissioners all jurisdiction over highways within city limits. The act of 1866, c. 47, provides: "Nothing in any city charter, or in acts additional thereto, shall be so construed as to deprive county commissioners of the power to lay out, alter or discontinue county roads within the limits of such cities." R. S., c. 18, § 1.

In view of this act, some charters since granted have excepted from the exclusive jurisdiction given to city governments the jurisdiction of county commissioners over highways; and some granted prior to the act do so. The Biddeford charter does. Act of 1860, c. 383, § 2. The Lewiston charter seems to. Act of 1861, c. 105, § 7. The Brewer charter, Act of 1889, c. 328, § 17, like the Portland charter, does not; and unlike the Deering charter, granted the same year, Act of 1889, c. 50, § 4, does not grant any appeal from location.

The manifest intention of the act of 1866 was to establish a uniform rule that should apply to all city charters, whether granted before or after the act. Its phrase is: "Nothing in any city charter . . . shall be so construed as to deprive county commissioners" of jurisdiction over "county roads within the limits of such cities."

The charter of Deering, granted after the act of 1866, contains words of the same sweeping character as contained in charters granted before the act. "Exclusive authority to lay out, widen, or otherwise alter or discontinue any and all streets or public ways in said city." At first glance, the word "exclusive" would seem to exclude all other authority over public ways within the city limits; but when considered with the context, and in view of the act of 1866, which, by the way, purports to declare the meaning of city charters and not to regulate the subject, it will be seen to refer to other matters. The inhabitants of towns, by vote, may lay out town ways. When Deering was made a city, to be governed differently from towns, by a city council instead of selectmen, it was necessary to confer jurisdiction over streets somewhere, and, therefore, the authority in such matters was exclusively given to the city council, not as against commissioners touching county roads, but as against the inhabitants relating to streets, who had previously acted in such matters.

This view gives to the words "exclusive authority" an appropriate meaning, and removes conflict with the act of 1866, that would give county commissioners authority in Portland and not in Deering, in Bangor and not in Brewer, would "mar the

symmetry of the law " and put the whole matter in confusion. The act of 1866 must be held to apply to all charters, whether granted before or after its passage, unless its application be restricted in terms.

II.     That the petition is too indefinite to sustain any judgment upon the report of the committee, and that the report exceeded their authority and is therefore void.

The duties of a committee are defined by statute. They may affirm or reverse, in whole or in part, the doings of the commissioners, who are to carry out the decision ·of the committee. Now, the sufficiency of a petition may depend very much upon the judgment finally entered. If its prayer be wholly denied on the merits, its sufficiency becomes immaterial. If it be granted in whole or in part by the commissioners, and their judgment be affirmed by the committee, then indefiniteness in certain respects may be cured by a result, that makes the judgment practicable of execution and the determination clear. But if it be denied in whole or in part by the commissioners, and granted in whole, or in part beyond that given by the commissioners, then indefiniteness becomes material, for the committee can only affirm or reverse in whole or in part ; and if they reverse in whole, the want of a proper prayer in the petition leaves no basis for the committee to act on, inasmuch as they cannot execute their own decision. To illustrate, suppose a petition to widen does not specify any desired width, and the commissioners deny the petition and the committee reverse the doings of the commissioners and desire to grant the prayer of the petition and there be no specific prayer to go upon, then .they must either enter no decision, or locate the way as widened, a function not given to the committee, because they have no power to assess damages to land owners, a consideration entirely for the commissioners, and, may be, a very important element as to where on the face of the earth the widening shall take place, or determine the increased width necessary and leave the location to the commissioners whose duty it is to locate. If the committee were to reverse the doings of the commissioners and decide that the way should be widened as prayed for in the

petition, and the petition be that the way be suitably widened, then the commissioners might nominally widen or unreasonably do so, and their decision would be final, as no appeal is provided for in such cases. If it were, and the same method were adhered to, the case might go back and forth in the courts and never get decided. If however, the committee were to reverse the doings of the commissioners, and decide that the way should be widened a specified distance, and do no more, then the commissioners might carry the decision into effect, and in locating the new width take into consideration the cost for land damages in determining to which side of the road the increased width should be added. With such result, the case would be the same as if the commissioners had widened in the first instance and the committee should affirm their judgment. In short, when the petition asks that a way be suitably widened, it is the function of the committee to say how wide a way common convenience and necessity demand, and leave the commissioners to locate it upon the face of the earth. These considerations do not apply to a petition for specific widening in a specified place, as a given number of feet on a specified side of the road. No general rule can be given as to the necessary allegations in petitions of this sort that will apply to all cases. The conditions likely to arise are too numerous and complicated to permit it.

Petitions for the location or change of highways must not be too critically considered where the result makes the matter clear and works no injustice. *Bryant* v. *Commissioners*, 79 Maine, 128. In the case at bar, the report of the committee in form and detail is not justified by the original petition; but may be easily corrected by stating what width common convenience and necessity required the commissioners to give between *termini* named, leaving them to carry out the decision by locating the increased width upon the face of the earth. For such purpose it is competent to recommit the report. *Bryant* v. *Commissioners, supra.*

*Report recommitted.*